IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BEARD,                                      No. CIV S-08-0137-FCD-CMK-P

       Plaintiff,

  vs.                                                          ORDER

KIMBLE,

       Defendant.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint, transferred to this court on January 18, 2008.  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).

       Plaintiff claims that, on October 24, 2007, he noticed that his leg was swelling due to an infection.  He filled out a "sick call slip" requesting medical treatment.  He was called to the prison infirmary on November 16, 2007, at which time a doctor performed "some type of surgery that was extremely painful to the extent that she had to put bandages on my wound to control the bleeding."  Plaintiff states that he was prescribed "some very strong pain killers. . . ."

1

1  According to plaintiff, the doctor directed that plaintiff's bandages be changed and the wound
2  cleaned every day for the next two weeks and that, after that time, plaintiff would be called back
3  to the infirmary for follow-up examination.
4        Plaintiff states that, on November 17, 2007, he was approached by an unnamed
5  correctional officer who inquired whether he had a "chrono" from the doctor to be permanently
6  assigned a lower bunk. Plaintiff responded that he did not, but that he nonetheless required a
7  lower bunk due to his injury. The correctional officer explained to plaintiff that he needed to
8  move another inmate to a cell with an available lower bunk and asked plaintiff is he would give
9  up his lower bunk. The correctional officer told plaintiff that the inmate would be moved out
10 within two days. According to plaintiff, the correction officer was asking this concession of
11 plaintiff because "no other inmate was willing to let that inmate have their lower bunk." Despite
12 his leg injury, plaintiff agreed and gave up his temporary lower bunk assignment.
13       Plaintiff next states that, as he was walking toward his cell later that day, he
14 noticed that other cells were occupied by only one inmate and that, in particular, one cell was
15 occupied by a single inmate younger than he was and who "did not appear to be plagued by any
16 type of injury or illness." Plaintiff claims that, immediately after the inmate was moved into his
17 cell, the inmate said he did not like plaintiff's hairstyle and threatened "all kinds of disrespect" if
18 plaintiff did not cut his hair. Plaintiff did not challenge the inmate because he felt he could
19 tolerate disrespect for the two days promised by the correctional officer. However, according to
20 plaintiff, the next day his new cellmate stated that he intended to stay where he was and that, if
21 plaintiff did not like it, he should request a transfer.
22       Plaintiff claims that, at about 1:00 p.m. (on November 18th), defendant Kimble
23 released him to go to the infirmary. Plaintiff states:
24     However, when I arrived at the outside tower and on officer asked
   me to tell him what my name was and I then have him my identification
25     card. [¶] To no avail, he continued to ask me to verbally tell him my
   name. I then told him that it was not necessary for him to ask me that
26     question when all he had to do was to look at my identification card. [¶]

1  He then stated that he did not like my attitude then told me that he was not
going to permit be to go to the infirmary and pick up my medication then
2  he ordered me to report back to my housing unit.

3 Plaintiff states that, when he entered his housing unit, he approached a floor officer and asked to

4 make arrangements for him to speak with someone concerning a grievance against the officer

5 who demanded that plaintiff verbally give him name and who refused to let him go to the

6 infirmary. He also wanted to make arrangements to be separated from his new cellmate.

7  According to plaintiff, while he was talking to the floor officer, "more guards

8 walked up to me and told me that they did not wish to listen to me then ordered me to report back

9 to my cell." Plaintiff refused to go anywhere until after he was able to talk to a sergeant about his

10 grievances. Plaintiff states that, even though he never made any verbal or physical threats,

11 defendant Kimble sprayed him in the eyes with mace "unnecessarily and without provocation."

12 Plaintiff claims that, after this, the other officers placed him in handcuffs and escorted him to an

13 officer where they "started beating me up with their fists and slamming my body up against a

14 wall in the sergeant's presence for about 2 or 3 minutes." Plaintiff states that he was then

15 ordered to remove his clothing and then placed in a holding cell and that was left there, naked,

16 for five hours. Plaintiff states that, later, the officers who had placed him in the holding cell

17 admitted that plaintiff was being wrongfully punished but that they were glad that defendant

18 Kimble had sprayed him with pepper spray because "they could not stand me."

19  According to plaintiff, on November 22, 2007, he approached defendant Kimble

20 and told him that his cellmate should have been transferred out of his cell. Plaintiff also

21 informed defendant Kimble that he needed to be reassigned back to the lower bunk due to his leg

22 injury. Plaintiff alleges that "Officer Kimble then stated that he was not going to transfer me or

23 my roommate because he did not give a dam [sic] about me." Plaintiff states that, later that day,

24 defendant Kimble walked up to his cell and thanked plaintiff's cellmate "for causing [plaintiff]

25 problems. . . ."

26  The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C.

§ 1983 and 28 U.S.C. § 1915A(b).[1]  If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The court authorizes service on the following defendant(s):

    KIMBLE,

   2. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint; and

   3. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form(s); and

    d. Two copies of the endorsed complaint.

DATED: April 4, 2008

                _____
                **CRAIG M. KELLISON**
                UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that, according to plaintiff's complaint, plaintiff has not exhausted his administrative remedies.  Specifically, plaintiff states that "[t]he grievance procedure will not grant me monetary compensation for the acts that have been committed against me."  However, because exhaustion is not a jurisdictional requirement for bringing suit, see Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999), and because failure to exhaust is an affirmative defense which can only be raised by defendants, see Wyatt v. Terhune, 280 F.3d 1238, 1245-46 (9th Cir. 2002), dismissal at this time for failure to exhaust is not appropriate.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

ROBERT BEARD,                                            No. CIV S-08-0137-FCD-CMK-P
       Plaintiff,
  vs.
KIMBLE,
       Defendant.
                             /
NOTICE OF SUBMISSION OF DOCUMENTS

       Plaintiff hereby submits the following documents in compliance with the court's order:

         1        completed summons form;
         ___       completed USM-285 form(s); and
         ___       copies of the complaint..

DATED: _____                             _____
                                                                     Plaintiff